UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:23-CR-67-DCR-1

UNITED STATES OF AMERICA,                                               PLAINTIFF,

V.                              MAGISTRATE JUDGE'S
                          REPORT AND RECOMMENDATION

AUSTIN DAVID STAFFORD,                                                  DEFENDANT.

 

The defendant previously provided notice of concern regarding his current competency to proceed to trial. In response, the Court granted the Defendant's motion for an evaluation pursuant to 18 U.S.C. §§ 4241 be conducted by an evaluator with the Bureau of Prisons. The evaluation occurred, as ordered by the Court, and all parties received the resulting forensic report issued by licensed BOP forensic psychologist. In the competency report, the evaluator opines that Stafford is competent for trial purposes.

The Court scheduled a competency hearing as required under 18 U.S.C. § 4747, where the parties appeared with counsel, and as it relates to the report of current competency, stipulated to the Report's findings. The parties also waived introduction of other proof and argument in opposition.

Section 4241 provides that for a defendant to be competent, he must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *See Dusky*, 80 S. Ct. at 789; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in

1

his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C.§ 4241(c) (referencing Section 4247(d) for hearing procedure).

Ultimately, per Section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of Section 4241(a). This framework suggests that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple,* No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not disputed, and the Court need not resolve the burden allocation question. *See, e.g.*, *Medinav. California*, 112 S. Ct. 2572, 2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

In the Report, the evaluator thoroughly analyzed Defendant's history, behavior, course of evaluation, and testing performance. The evaluator personally observed Stafford during direct interview, subjected him to psychological testing, and reviewed supplemental information, including legal and other records, to assist in the evaluation. In addition, the evaluator and/or the facility screened for any relevant medical issues.

The Report is a comprehensive assessment of Defendant's history, condition, and circumstances. The evaluator opined that Stafford's symptoms were not severe enough to

constitute a diagnosis of a mental disease or defect and are not symptoms sufficient to preclude his competence to proceed in this action. Specifically, the evaluator found that although Stafford suffers from a depressive disorder and the possible presence of personality disorders, his mental disease does not presently impair his ability to understand the nature and consequences of the proceedings against him, or to assist properly in his defense.

The evaluator determined that Stafford is competent, stating that throughout the evaluation, he displayed an ability to communicate adequately and to cooperate. He understands his options, is able to consult with others in making rational choices regarding his case. He demonstrated sufficient ability to reason and choose between relevant alternatives when making important decisions. During the hearing, the undersigned observed no reason to be concerned regarding his factual understanding of the proceedings.

At the hearing, Stafford was placed under oath and questioned by the Court regarding his desire to stipulate to the findings and conclusions of the competency report. The Defendant confirmed that he had consulted with counsel, and received and reviewed the report as well as other relevant documents, to include the indictment. He was informed of the effect of finding him competent to proceed, and thereafter stipulated to the findings and conclusions in the report. Defense counsel provided no observations to conflict with either Stafford's stipulation or the Report's competency conclusion. Further, the Court has not independently observed behavior that conflicts with the evaluator's conclusions.

The Court finds no evidence to support a conclusion that Defendant is incompetent, and certainly finds nothing that would permit an incompetency finding by a preponderance of the evidence. Indeed, the Court finds that, according to § 4241(a), Defendant is able to understand the nature and consequences of the proceedings and can assist properly in his defense. Therefore,

the Court **RECOMMENDS** that the District Judge find Austin David Stafford competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. The parties, at the hearing, consented to a shortened objection period of THREE BUSINESS DAYS should either side wish to file specific written objections to this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review.

This the 15th day of December 2023.

**Signed By:**
**Edward B. Atkins**   *EBA*
**United States Magistrate Judge**